UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMON BIRL, | ) | 1:06-CV-01676 LJO NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| CALIFORNIA BOARD OF PAROLE | ) | [Doc. #10] |
| HEARINGS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is presented in this action by the Federal Defender.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections at Avenal State Prison serving a term of 15 years to life for his 1989 conviction of second degree murder. See Exhibit 1, Petition. Petitioner is challenging decisions of the Board of Prison Terms (hereinafter "Board") on August 19, 2003, and November 15, 2004. At the conclusion of both hearings, Petitioner was deemed unsuitable for parole.

With respect to the 2003 decision, Petitioner filed an administrative appeal with the Board. See Exhibit 9, Petition. The appeal was denied on December 14, 2004. Id.

As to the 2004 decision, Petitioner was notified at the hearing that the decision would not

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and Petitioner's opposition to Respondent's motion to dismiss.

1  become final until March 15, 2005. See Exhibit 8, Petition. The Board did not modify or alter the
2  decision and so it became final on March 15, 2005.
3      On June 3, 2005, Petitioner filed a petition for writ of habeas corpus in the California
4  Supreme Court. See Exhibit 28, Petition. The petition challenged the Board's 2003 and 2004
5  decisions. See Exhibit 28 at 3, Petition ("[The 2003] hearing, as well as the subsequent one in 2004,
6  are the subjects of this habeas petition."). The California Supreme Court denied the petition on
7  February 22, 2006.
8      On November 20, 2006, Petitioner filed the instant petition for writ of habeas corpus in this
9  Court. On April 23, 2007, Respondent filed a motion to dismiss that portion of the petition that
10  challenges the 2003 parole hearing as untimely under 28 U.S.C. § 2244(d)(1).  Petitioner filed his
11  opposition on April 26, 2007.

**DISCUSSION**

13  A.  Procedural Grounds for Motion to Dismiss
14      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
15  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
16  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
17      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
18  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
19  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
20  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
21  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
22  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
23  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
24  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.
25      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
26  one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss
27  pursuant to its authority under Rule 4.
28  ///

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 20, 2006, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of

the inmate's claim that triggers the commencement of the limitations period).

Here, Respondent only challenges as untimely that portion of the petition as it relates to the 2003 hearing. Respondent has conceded that the challenge to the 2004 hearing is timely. Petitioner opposes the separation of the petition on this point. Petitioner contends the petition essentially challenges his unconstitutional confinement and the 2003 and 2004 decisions are merely evidentiary for purposes of habeas review. This argument is unavailing.

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *quoting* White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). Therefore, the 2003 and 2004 decisions are not merely evidence; they are the subject of the petition.[2]

Therefore with respect to the 2003 parole decision, the triggering event under § 2244(d)(1)(D) was the Board's August 19, 2003, denial of parole. Pursuant to Redd, the limitations

---

[2] In retrospect, two separate petitions should have been filed with each one challenging a different state decision. In any case, because the 2003 challenge is untimely and should be dismissed, the problem will be addressed by this Findings and Recommendation.

period commenced on December 15, 2004, the day after Petitioner's appeal of the Board's 2003 decision was denied.[3] 343 F.3d at 1079; see Exhibit 9, Petition. Under Section 2244(d)(1), Petitioner had one year until December 14, 2005, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until November 20, 2006, almost one year after the limitations period had expired.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

As stated above, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on June 3, 2005. At that point, 171 days of the limitations period had expired. Pursuant to § 2244(d)(2), Petitioner is entitled to tolling for the time this petition was pending. The California Supreme Court denied the petition on February 22, 2006. The limitations period re-commenced and expired 194 days later on September 5, 2006. Thus the federal petition, having been filed on November 20, 2006, remains untimely.

Nevertheless, Petitioner argues the limitations period should be tolled for the time he was pursuing administrative remedies with the California Board of Parole with respect to his 2004 hearing and 2005 hearing. This argument is not persuasive. As stated above, § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. The key language here is "pertinent judgment or claim." Petitioner was

---

[3] Petitioner proposes the limitations period commence following the final decision of the Board on March 15, 2005. This argument is without merit because this date is irrelevant to the 2003 parole decision. On March 15, 2005, the *2004 hearing*, not the 2003 hearing, became final. See Exhibit 8, Petition.

not pursuing his remedies with respect to the pertinent judgment or claim, *to wit*, the 2003 parole hearing. As Petitioner states, he was pursuing his remedies for the 2004 and 2005 hearings. Accordingly, he should not be granted statutory tolling for these time periods. Holding otherwise would frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," Rhines v. Weber, 544 U.S. 269, 277 (2005), because the limitations period could be forestalled interminably by a petitioner challenging his parole decision merely by claiming he was litigating his subsequent parole hearings.

D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner claims he has been pursuing his rights diligently, and he claims extraordinary circumstances stood in his way. He argues he has not slept on his rights but has been pursuing his remedies in all forums. In addition, he claims he was pursuing his rights in a different forum at the time the limitations period was running and therefore should be granted equitable tolling during this period. As to the 2003 parole hearing, the Court does not find Petitioner acted diligently. Petitioner appears to have acted diligently in seeking his remedies for the 2004 and 2005 parole hearings; however, the 2004 and 2005 decisions are separate and distinct from the 2003 decision. Although Petitioner sought the same relief in his subsequent challenges, *to wit*, to be declared suitable for parole, he was challenging completely separate and different decisions by the State.  Petitioner's delay in pursuing his remedies with respect to his 2003 hearing do not show diligence. As previously discussed, granting tolling for all subsequent parole hearings and the collateral challenges to each, merely because he seeks the same ultimate relief, would only frustrate AEDPA's goals and stands at

odds with 28 U.S.C. 2244(d)(2).

In addition, Petitioner has not shown that some extraordinary circumstance stood in his way and prevented him from timely filing his federal petition. He claims the State acted to prevent him from timely pursuing his remedies because the State had not decided his appeal by the time his subsequent 2004 hearing was held. He claims he opted to delay in pursuing his 2003 remedies at that point to see if the 2004 decision would moot his earlier challenge. Essentially, he sat on his rights on the chance the 2004 decision would provide his remedy. He states he did the same thing with respect to this 2005 decision. This does not bespeak diligence and it assuredly does not demonstrate the State stood in his way.

Petitioner further argues he relied on the State's direction that he wait until a final parole decision was made before pursuing his rights. In support of this argument, he points to the decision of the Board on November 15, 2004, which provided: "This decision will be final on: March 15, 2005. You will be promptly notified if, prior to that date, the decision is modified." Again, this has no relevance to the 2003 decision as it refers only to the 2004 decision.

Finally, Petitioner claims he should be granted equitable tolling because of the California law requirement that he avoid piecemeal litigation. He argues it was necessary for him to wait until his 2004 hearing was finalized before he could attack his 2003 hearing since the 2004 hearing could moot the 2003 hearing. This argument is also without merit. As discussed above, the 2003 and 2004 hearings were separate state decisions each with its own separate remedy. In Robbins, the California Supreme Court held that "[g]ood cause for substantial delay may be established if, for example, the petitioner can demonstrate that because he or she was conducting an *ongoing investigation* into at least one potentially meritorious claim, the petitioner delayed presentation of one or more other known claims in order to avoid the piecemeal presentation of claims." In re Robbins, 18 Cal.4th 770, 780 (1998). However, Robbins is unavailing in this case because the good cause exception was discussed in the context of a habeas petition challenging a single underlying conviction, not multiple, distinct parole decisions. The rationale in Robbins is inapplicable in the context of separate judgments. To illustrate, the California Supreme Court did not wait for the outcome of the 2005 hearing before rendering a decision on his 2005 habeas petition, nor did the California Supreme

1  Court fault Petitioner for bringing his habeas challenge to the 2004 hearing before the 2005 hearing
2  concluded even though the 2005 hearing could have mooted the habeas proceeding.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the portion of the habeas corpus petition challenging the 2003 parole hearing be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 12, 2007**            /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE