1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12   RAMON BIRL,                          )     1:06-CV-01676 LJO NEW (DLB) HC
                                          )
13                  Petitioner,           )     ORDER ADOPTING FINDINGS AND
                                          )     RECOMMENDATION
14        v.                              )     [Doc. #13]
                                          )
15                                        )     ORDER GRANTING MOTION TO DISMISS
                                          )     [Doc. #10]
16   CALIFORNIA BOARD OF PAROLE           )
     HEARINGS,                            )     ORDER REFERRING MATTER BACK TO
17                                        )     MAGISTRATE JUDGE FOR FURTHER
                    Respondent.           )     PROCEEDINGS
18                                        )

19

20          Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to

21   28 U.S.C. § 2254. Petitioner is represented in this action by the Federal Defender.

22          On June 13, 2007, the Magistrate Judge issued Findings and Recommendation that

23   recommended Respondent's motion to dismiss be GRANTED and that portion of the petition

24   challenging the 2003 parole hearing be DISMISSED with prejudice for failure to comply with the

25   statute of limitations. The Findings and Recommendation was served on all parties and contained

26   notice that any objections were to be filed within thirty (30) days of the date of service of the order.

27   On July 11, 2007, Petitioner filed objections to the Findings and Recommendation.

28          Petitioner raises several arguments which are without merit and were properly rejected by the

U.S. District Court

E. D. California         cd                                    1

1  Magistrate Judge. First, he claims he should be entitled to statutory tolling under 28 U.S.C.

2  § 2244(d)(2) from the time his administrative appeal was denied until the time his habeas petition

3  was denied on February 22, 2006. This argument is completely meritless in light of Redd v.

4  McGrath, 343 F.3d 1077 (9th Cir.2003). In Redd, the Ninth Circuit addressed this very same

5  argument and held that the limitations period commences the day after the administrative appeal

6  becomes final, and not after the petitioner has completed his state collateral relief proceedings. Id. at

7  1084 ("[T]he date of the "factual predicate" for Redd's claim under § 2244(d)(1)(D) is not

8  determined by asking when Redd satisfied AEDPA's exhaustion requirement; rather, it is determined

9  independently of the exhaustion requirement by inquiring when Redd could have learned of the

10  factual basis for his claim through the exercise of due diligence. This occurred when the Board

11  denied Redd's administrative appeal on December 7, 1998. Consequently, the limitations period

12  began to run on the following day."). Thus, Petitioner's argument was properly rejected.

13      Petitioner also claims the Magistrate Judge wrongly found Petitioner was not entitled to

14  equitable tolling. Again, Petitioner's argument is without merit. Petitioner did not experience any

15  extraordinary circumstances which made it impossible for him to file his federal petition on time that

16  would merit equitable tolling, such as the wrongful conduct of government officials. See Stillman v.

17  LaMarque, 319 F.3d 1199, 1202 (9th Cir.2003). As found by the Magistrate Judge, Petitioner did not

18  diligently pursue his rights with respect to the 2003 parole hearing.

19      Finally, Petitioner argues he should be entitled to equitable tolling in light of the Supreme

20  Court's opinion in Burnett v. New York Central Railroad, 380 U.S. 424 (1965). In Burnett, the

21  Supreme Court held that an employee's state court action under the Federal Employers' Liability Act

22  ("FELA") tolled the federal limitations period for filing a FELA action in federal court. Id. at 434-

23  35. This argument is also without merit. This is not a situation where the same claims are being

24  pursued in concurrent jurisdictions as in FELA cases.  As discussed by the Magistrate Judge, despite

25  the fact that the ultimate relief sought by Petitioner in his 2003, 2004, and 2005 parole hearings was

26  the granting of a parole date, each hearing was a separate proceeding with its own administrative and

27  state court remedies. Thus, Petitioner's exhaustion of his remedies with respect to the 2004 and 2005

28  hearings were not a continuation of his remedies regarding the 2003 decision of the parole board. As

1   stated by the Ninth Circuit, "the statute is clear that the limitations period starts from the latest of

2   four specific dates," and in the context of a parole decision, the limitations period begins to run the

3   day after the Board denies the administrative appeal. Redd, 343 F.3d at 1084, 1085. And, the period

4   is tolled while Petitioner is exhausting his state remedies as to the pertinent judgment or claim. 28

5   U.S.C. § 2244(d)(2). Here, exhaustion concluded when the California Supreme Court denied his

6   habeas petition challenging the 2003 decision on February 22, 2006.

7        Petitioner argues this resolution creates a situation where inmates will be forced to litigate

8   their claims in federal court even though it is possible the parole board may later decide the issue

9   favorably to the inmate, thereby mooting the case. While this may be true, the policy behind the

10   limitations period is to encourage prompt presentation of claims to the federal courts. Indeed, the

11   Ninth Circuit has stated that "AEDPA nonetheless contemplates that for habeas claims falling under

12   § 2244(d)(1)(D), the statute of limitations will begin to run before exhaustion of state remedies and

13   thus before the federal petition can be filed." Redd, 343 F.3d at 1083. "'[A]s a federal statute that

14   interacts with state procedural rules, § 2244(d) will sometimes force a state prisoner to act

15   expeditiously to preserve his federal claims despite the procedural lenience of state law. . . ." Id. at

16   1084, *quoting* Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir.2003). As stated by the Magistrate

17   Judge, granting petitioners tolling for the time they seek administrative and state court review for

18   every successive parole board decision would allow petitioners to interminably delay review of their

19   parole decisions in contravention of the policy behind § 2244(d).

20        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*

21   *novo* review of the case.  Having carefully reviewed the entire file and having considered the

22   objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

23   supported by the record and proper analysis, and there is no need to modify the Findings and

24   Recommendations based on the points raised in the objections.

25        Accordingly, IT IS HEREBY ORDERED that:

26        1. The Findings and Recommendation issued June 13, 2007, is ADOPTED IN FULL;

27        2. Respondent's motion to dismiss is GRANTED;

28        3. The portion of the petition for writ of habeas corpus challenging the 2003 parole hearing is

U.S. District Court

E. D. California        cd                                      3

1   DISMISSED WITH PREJUDICE; and

2        4. The matter is REFERRED back to the Magistrate Judge for further proceedings.

3

4   IT IS SO ORDERED.

5   **Dated:    August 15, 2007**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California        cd