UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMON BIRL, | ) | 1:06-CV-01676 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #25] |
| | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| CALIFORNIA BOARD OF PAROLE | ) | ORDER DIRECTING CLERK OF COURT |
| HEARINGS, | ) | TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is represented in this action by the Federal Defender.

On June 19, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order. On July 18, 2008, Petitioner filed objections to the Findings and Recommendation.

Petitioner first takes issue with the statement of facts as set forth by the Magistrate Judge, characterizing them as a "serious misreading" and stating his findings to be "emblematic of the lack of care that runs through the findings and recommendation." See Objections at 4.

Petitioner argues that the Magistrate Judge did not "limit his review to the panel's factual determinations," but "opted to cite out of context and sometimes incorrectly to portions of the underlying California Court of Appeal decision." See Objections at 4. Petitioner contends the "panel's entire determination of the factual circumstances of the underlying case" is set forth at Exhibit 8 to the Petition, pp. 64-65:

> It clearly was a very, as it's already been described, a very vicious crime with a man being beat to death in his own home. Then a rather elaborate attempt to dispose of his body and to cover up the murder itself. And this crime clearly shows a lack of regard for the life and suffering of another. Mr. Hopking, Richard Hopking was 60 years old. The inmate at the time just 16. So there clearly was substantial difference in age. The man was overpowered in that he was outnumbered. There were - Mr. Birl did not act on his own. He had a crime partner or two. And the motive for this crime is really inexplicable. There is a discussion in all of the reports about the motive being the possessions, the car, the cell phone. There's also discussion about this motive perhaps being a protection. Regardless, this man lost his life. If either of those were the true motives, then he lost his life for the most trivial of reasons. But it seems to me that the motive is still truly inexplicable. It's never really been explained. I won't go through again the factors of the particular case, in terms of what happened, other than that Mr. Hopking was beaten to death in his home and again, put into the trunk of his car and transported. And the inmate and his crime partners attempted to cover their tracks after the murder.

See Objections at 4-5.

Petitioner's contention that these were solely the facts relied upon by the Board is completely wrong, and further, his argument that the facts set forth by the Magistrate Judge were incorrect and a misreading is a truly disingenuous accusation. The words of the Board speak for themselves:

> PRESIDING COMMISSIONER LAWIN: *I think I'll move on then to the Statement of Facts. And Counsel, I'm going to read that into the record using the Appellate Court opinion, pages two through four. Any objection to the use of that document?*
>
> ATTORNEY BRODERICK: *No.*
>
> PRESIDING COMMISSIONER LAWIN. All right. In February 1988, Priscilla Roberts, R-O-B-E-R-T-S, lived with her fiancé, Richard Hopking, . . . .

See Transcript of Parole Board Hearing, Respondent's Exhibit 2 to the Answer, pp. 9-14 (Italics added.)

The statement of facts continues almost verbatim to the factual summary set forth by the

Magistrate Judge in his Findings and Recommendation. Clearly then, Petitioner's assertion that the Magistrate Judge misread the facts is mendacious, since it is merely a restatement of the facts as read into the record by the Board. It is further noted that Counsel for Petitioner in this case also represented Petitioner at the parole board hearing and was the same who failed to object to the reading of the appellate court opinion into the record as a correct statement of facts. Therefore, Petitioner's argument is rejected.

Having faulted the Magistrate Judge's recitation of the facts as being without foundation, Petitioner then takes the opposite tack and argues his factual conclusions were incomplete. He then sets forth "but a few of the facts contained in the California Court of Appeal opinion, *the full opinion*, that are not mentioned in the [M]agistrate [J]udge's findings and recommendations." See Objections at 7. By arguing so, Petitioner would have the Magistrate Judge conduct a factual inquiry which he had argued only a few paragraphs before to be inexplicable or improper. See Objections at 4 ("In [Petitioner's] case, the factual issues presented by his habeas petition were determined by a panel of the California Board of Parole Hearings. For reasons that are not explained, the [M]agistrate [J]udge, rather than limit his review to that panel's factual determinations, opted to cite out of context and sometimes incorrectly to portions of the underlying California Court of Appeal decision."). The Court has reviewed the Findings and Recommendation and finds that the Magistrate Judge did not pull facts out of thin air. All facts relied on by the Magistrate Judge can be found in the factual summary of the appellate court opinion which was recited into the record by the Board, or in the Board's discussion.

Petitioner also faults the Magistrate Judge's Findings and Recommendation for failing to take into account a psychological report. The Court is tasked with reviewing the record; however, the Court need not examine the entire record, independently assess the credibility of witnesses, or re-weigh the evidence. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006). Further, the Magistrate Judge did in fact take this report into account in reviewing the positive factors supporting parole. See Findings and Recommendation at 11. The Magistrate Judge determined that the state court decision finding the Board's determination, i.e., that this positive factor did not outweigh the negative factors indicating a risk of danger to the public, was not

objectively unreasonable. Upon review of the case, this Court agrees with the Magistrate Judge's assessment.

As to Petitioner's remaining arguments, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on those points. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. The petition will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued June 19, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. As this petition challenges a parole decision, a certificate of appealability is not required. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir.2005).

IT IS SO ORDERED.

**Dated:   August 8, 2008**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE